UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA BROWN,

                         Plaintiff,

            -against-

BRENDA ROSEN; DAVE BEER; PRINCE
GEORGE ASSOC. LP; BRIAN O'HARE;
COMMUNITY II HDFC COMMON
GROUND; DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,

                         Defendants.

19-CV-6786 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated October 15, 2019, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For

the reasons set forth below, the Court dismisses the complaint without prejudice for lack of

subject matter jurisdiction.

**STANDARD OF REVIEW**

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if

the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A.    Subject Matter Jurisdiction

Plaintiff uses the Court's general complaint form and checks the box indicating that the basis for jurisdiction is federal question. The complaint, which is very difficult to read, appears to concern a state-court action that Plaintiff "filed in the civil court against the defendants Prince George Associates AKA Breaking Ground, [her] landlord." (ECF No. 2 at 12.)[1] The status of the proceeding is unclear from Plaintiff's complaint. An internet search reveals that a landlord/tenant matter was filed in the New York Civil Court, New York County, on July 30, 2019. *See Prince*

_____

[1] Page numbers refer to those generated by the Court's electronic filing system.

*George Assocs. LP v. Brown*, Index No. LT-065021-19/NY (Civ. Ct. filed July 30, 2019). The status of this case is also unclear.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1.      **Federal Question**

Plaintiff fails to state a federal claim. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a claim under

federal law, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

This Court does not generally have federal question jurisdiction over landlord-tenant matters, which are matters of state law. *See McMillan v. Lisco Holdings L.L.C.*, No. 13-CV-4569 (KBF), 2013 WL 5550332, at *2 (S.D.N.Y. Oct. 2, 2013); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (collecting cases); *Soms v. Aranda*, No. 00-CV-9626 (DLC), 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001) (noting that landlord-tenant actions "involve[] complex questions of state law"). Moreover, in the federal judicial system, only the United States Supreme Court may review state court decisions. *See Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citing 28 U.S.C. § 1257). District courts are not authorized to exercise appellate jurisdiction over state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (discussing the *Rooker-Feldman* doctrine). The remedy available to Plaintiff, if she is unhappy with the result of proceedings in state court, is to appeal such matters within the state court judicial system.

Plaintiff fails to plead facts showing that her claim arises under federal law. There is, therefore, no basis for federal question jurisdiction.

### 2.      Diversity of Citizenship

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendants reside in New York, precluding complete diversity of citizenship.

## LITIGATION HISTORY AND WARNING

In a matter of weeks, Plaintiff has filed eight cases in this Court, including this action. *See Brown v. Microsoft Corp.*, ECF 1:19-CV-6649, 9 (S.D.N.Y. Sept. 30, 2019) (dismissing without prejudice for lack of subject matter jurisdiction); *Brown v. Etemao*, ECF 1:19-CV-6286, 5 (S.D.N.Y. Aug. 5, 2019) (same); *Brown v. Apple Corp.*, ECF 1:19-CV-6648, 2 (S.D.N.Y. filed July 16, 2019); *Brown v. HP Inc.*, ECF 1:19-CV-6331, 5 (S.D.N.Y. Oct. 25, 2019) (dismissing without prejudice for lack of subject matter jurisdiction and granting Plaintiff 30 days' leave to file an amended complaint to establish that diversity jurisdiction exists); *Brown v. CUCS*, ECF 1:19-CV-6330, 2 (S.D.N.Y. filed July 8, 2019); *Brown v. Fios*, ECF 1:19-CV-6329, 4 (S.D.N.Y. Oct. 25, 2019) (same); *Brown v. Automattic*, ECF 1:19-CV-6328, 5 (S.D.N.Y. Sept. 20, 2019) (same).

On August 9, 2019, Plaintiff was warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions IFP without prior permission. *See Brown*, ECF 1:19-CV-6649, 5; *see also* 28 U.S.C. § 1651. Plaintiff filed this action before that warning was issued. The Court now reiterates that warning. On September 20, 2019, Plaintiff was further warned that if she is unable to plead facts establishing diversity jurisdiction, the Court will issue an order directing Plaintiff to show cause why she should not be required to obtain permission from the Court before filing any new action. *See Brown*, ECF 1:19-CV-6328, 5.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters are terminated.

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions IFP without prior permission.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 29, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge